941 F.2d 1208
 123 Lab.Cas. P 10,481
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sally Ralston VILLAGOMEZ, Plaintiff-Appellant,
v.
Van STATHEROS, d/b/a Dairy Queen Brazier, Defendant-Appellee.
 No. 91-2332.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided Aug. 19, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CA-88-96-W)
 Michael Scott Raab, Civil Division, United States Department of Justice, Washington, D.C. (Argued), for appellant; Stuart M. Gerson, Assistant Attorney General, Michael Jay Singer, Civil Division, United States Department of Justice, Washington, D.C., William A. Kolibash, United States Attorney, Wheeling, W.Va., on brief.
 William Cipriani, Cipriani & Paull, L.C., Wellsburg, W.Va., for appellee.
 N.D.W.Va.
 REVERSED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 ERVIN, Chief Judge:
 
 
 1
 Sally Villagomez, formerly Sally Ralston, filed a complaint on October 28, 1988 against her former employer asserting a cause of action under the Veterans Reemployment Rights Act, 38 U.S.C. § 2021 et seq. (the "Act"). Villagomez alleged that her employer, Van Statheros, d/b/a Dairy Queen Brazier, refused to reinstate her upon her return from a physical examination required for enlistment into the United States Army. Villagomez sought lost wages and profit sharing for the period from November 1, 1985 through April 30, 1986, amounting to a total of $3,350.00.
 
 
 2
 After discovery was completed, Van Statheros moved for summary judgment on the ground that the notice given by Villagomez was unreasonable. The motion was supported by several affidavits. A hearing was held on the summary judgment motion on September 14, 1990. On September 27, 1990, the district court deferred ruling on the summary judgment motion and gave the parties twenty-five days in which to file additional evidentiary material in support of their positions. Villagomez filed an affidavit from a co-worker and answers to certain interrogatories and requests for admissions at that time. On November 14, 1990, the district court issued a memorandum opinion and entered an order granting summary judgment in favor of Van Statheros. This appeal followed.
 
 
 3
 We find that summary judgment in favor of Van Statheros was inappropriate in light of our recent holding in Kolkhorst v. Tilghman, 897 F.2d 1282 (4th Cir.1990). Therefore, we reverse the district court's order granting summary judgment.
 
 
 4
 * On October 18, 1985, Villagomez failed a preinduction physical exam with the Army because she was overweight. At that time, she was instructed that she would have approximately two weeks in which to lose the excess weight and be evaluated again. While she was given an approximate date for her second preinduction physical, Villagomez was told that she would be contacted later as to the exact date of that second physical. Although Villagomez knew that she would be required to miss work for the second physical examination in approximately two weeks, she did not notify her employer.
 
 
 5
 On October 31, 1985, Villagomez asked her supervisor if she could have the following day off from work to take a preinduction military physical exam. Villagomez alleged in her pleadings that she was not notified until October 30 that she was to report for the examination on November 1. The supervisor told Villagomez that she would check with Van Statheros concerning the requested day off. Van Statheros informed Villagomez that she could not have the day off because the store's policy required that requests for days off be made one week ahead of time. Villagomez knew of this policy, and had obtained days off on October 18, 24, and 25 by giving proper one week notices.
 
 
 6
 Van Statheros told Villagomez that if she rescheduled her exam and gave the proper one week notice, she could have the day off for the exam. Villagomez did not attempt to reschedule the exam, but instead tried to trade shifts with a fellow employee. The store had a policy against trading shifts, and Statheros did not authorize the co-worker to trade with Villagomez. As arranged by Villagomez, a fellow worker reported to work for Villagomez at the start of her shift on November 1. Villagomez did not report to work herself until 15 minutes before her shift was over on November 1. At that time, she was discharged for failing to report at the beginning of her shift.
 
 
 7
 After her termination, Villagomez brought this cause of action. The district court granted summary judgment in favor of Van Statheros on November 14, 1990. The court did so in reliance upon two cases from other circuits which stood for the proposition that adequate notice of departure is required under Section 2024(d) of the Veterans Reemployment Rights Act. See Burkhart v. Post-Browning, Inc., 859 F.2d 1245 (6th Cir.1988); Sawyer v. Swift & Co., 836 F.2d 1257 (10th Cir.1988). Inexplicably, the district court failed to mention our previous holding in Kolkhorst v. Tilghman, 897 F.2d 1282 (4th Cir.1990), appeal pending, Tilghman v. Kolkhorst, 111 S.Ct. 34, 112 L.Ed.2d 11 (Oct. 1, 1990),* where we held that there is no requirement of reasonable notice under the Veterans Reemployment Rights Act for an employee in Villagomez's position.
 
 II
 
 8
 At the outset, we note that on appeal we review the grant of summary judgment de novo. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir.1990); Higgins v. E.I. Du Pont De Nemours & Co., 863 F.2d 1162, 1166-67 (4th Cir.1988). Therefore, we must determine whether summary judgment was appropriate on the facts before us. See Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547 (5th Cir.1987).
 
 
 9
 Villagomez's claim is based upon Section 2024(e) of the Veterans Reemployment Rights Act which provides:
 
 
 10
 Any employee not covered by subsection (c) of this section who holds a position described in clause (A) or (B) of section 2021(a) shall be considered as having been on leave of absence during the period required to report for the purpose of being inducted into, entering, or determining, by a preinduction or other examination, physical fitness to enter the Armed Forces. Upon such employee's rejection, upon completion of such employee's preinduction or other examination, or upon such employee's discharge from hospitalization incident to such rejection or examination, such employee shall be permitted to return to such employee's position in accordance with the provisions of subsection (d) of this section.
 
 
 11
 38 U.S.C.A. § 2024(e) (West 1979). According to § 2024(e), an employee like Villagomez who is required to report for a preinduction physical exam shall be considered as having been on a leave of absence. 38 U.S.C.A. § 2024(e) (West 1979). Section 2024(e) expressly references § 2024(d), which provides in pertinent part:
 
 
 12
 Any employee not covered by subsection (c) of this section who holds a position described in clause (A) or (B) of section 2021(a) shall upon request be granted a leave of absence by such person's employer for the period required to perform active duty for training or inactive duty training in the Armed Forces of the United States. Upon such employee's release from a period of such active duty for training or inactive duty training, or upon such employee's discharge from hospitalization incident to that training, such employee shall be permitted to return to such employee's position with such seniority, status, pay, and vacation as such employee would have had if such employee shall report for work at the beginning of the next regularly scheduled working period after expiration of the last calendar day necessary to travel from the place of training to the place of employment following such employee's release, or within a reasonable time thereafter if delayed return is due to factors beyond the employee's control. Failure to report for work at such next regularly scheduled working period shall make the employee subject to the conduct rules of the employer pertaining to explanations and discipline with respect to absence from scheduled work.
 
 
 13
 38 U.S.C.A. § 2024(d) (West 1979) (emphasis added).
 
 
 14
 Van Statheros argued in its motion for summary judgment that "upon request" in § 2024(d) has been interpreted to include a requirement of reasonable notice, citing Sawyer v. Swift & Co., 836 F.2d 1257 (10th Cir.1988). The district court relied upon Sawyer and Burkhart v. Post-Browning, Inc., 859 F.2d 1245 (6th Cir.1988), and concluded that in order for a plaintiff to prevail under § 2024(d), she must have given reasonable notice to her employer. While the district court relied on these two cases from other circuits, it did not mention this court's holding in Kolkhorst v. Tilghman, 897 F.2d 1282 (4th Cir.1990), which was contrary to the district court's conclusion. In Kolkhorst, we held:
 
 
 15
 We do not believe that reasonableness is required under Section 2024(d). There is nothing in [the Veterans Reemployment Rights Act], its legislative history, or the Monroe [v. Standard Oil Co., 452 U.S. 549, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981) ] decision to indicate that a reservist is entitled to a leave of absence in order to participate in military training only if the request is reasonable based on a judicially created standard that varies from one jurisdiction to the next. Rather, the [Veterans Reemployment Rights Act] unconditionally provides that any reservist "shall upon request be granted a leave of absence by such person's employer for the period required to perform active duty for training or inactive duty training in the Armed Forces of the United States." 38 U.S.C. § 2024(d) (emphasis added).... In short, the reasonableness standards that have been imposed by other courts are contrary to the purpose of Section 2024(d) to allow reservists to train with their military units without suffering prejudice or any adverse action from their employers.
 
 
 16
 Id. at 1286.
 
 
 17
 We conclude that the district court erroneously relied upon cases from other circuits when there was controlling precedent in this circuit directly addressing the issue in this case. Kolkhorst held that there is no requirement that an employee give a reasonable notice under § 2024(d). Id. We find that Kolkhorst is controlling in the case before us, and we conclude that the district court erred in granting summary judgment in favor of Van Statheros because Villagomez did not give adequate notice of her departure. Accordingly, we reverse the district court's order granting summary judgment in favor of Van Statheros, and we remand the case to the district court for further proceedings.
 
 
 18
 REVERSED.
 
 
 19
 MURNAGHAN and WILKINSON, Circuit Judges, joined.
 
 
 
 *
 Koklhorst was decided on March 14, 1990